## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**A.L.A., a minor, by and through his**
**parents and next friends, F.E.A., and**
**F.B.A.; L.P.A., a minor, by and through**
**his parents and next friends, P.E.A. and**
**J.M.A.; E.G.B., a minor, by and through**
**his parents and next friends, E.G.B.2, and**
**G.M.B.; M.T.L., a minor, by and through**
**his parents and next friends, J.L.L. and**
**D.D.L.; J.R.M., a minor, by and through**
**his parents and next friends, P.J.M. and**
**A.G.M.; G.V.M. a minor, by and through**
**his parents and next friends, T.J.M. and**
**V.S.M.; and I.J.S.C., a minor, by and**
**through his mother and next friend, D.D.G.,**

      **Plaintiffs,**

**v.**                                  **Case No. 10-CV-709 JEC/LFG**

**THE BOARD OF EDUCATION OF THE**
**LAS VEGAS CITY SCHOOLS; RICHARD**
**E. ROMERO; PETE CAMPOS; MICHAEL**
**C. YARA; RAYMOND E. WOODS; SETH**
**MORRIS; PETE KEONI KINNEY GOGUE;**
**JUAN URANGA; ADAM ALVAREZ; IKAIKA**
**NEIZMAN; RUBEN ESPARZA; MICHAEL**
**GALLEGOS, JR.; MICHAEL GALLEGOS, SR;**
**SANDRA GALLEGOS; LUCAS MARTINEZ;**
**JAMES MARTINEZ; MARCELLA MARTINEZ;**
**MARCUS GUTIERREZ; ADRIAN GUTIERREZ;**
**DEBBIE GUTIERREZ; STEVEN GARCIA;**
**ELIZABETH GARCIA; SANTIAGO ARMIJO;**
**PAUL ARMIJO; ELLA ARRELLANO; JEREK**
**PADILLA; JOHN PADILLA; JANE ROE PADILLA;**
**MEL ROOT and MARY ROOT d/b/a WESTERN**
**LIFE CAMP,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Plaintiffs' Motion to Remand*, filed August

27, 2010 (Doc. 42) ("Motion").  Having reviewed the parties' submissions and the relevant law, the Court will DENY the Motion, as follows.

## I.    BACKGROUND

This litigation arises from 2008 hazing incidents involving prospective members of the Robertson High School football team from Las Vegas, New Mexico.  Plaintiffs, students who attended a summer camp sponsored by the team, seek damages for violations of their civil rights and for sexual harassment.  Their Complaint was filed June 30, 2010.

Returns of service were completed as to most but not all Defendants prior to removal. *Notice of Removal* (Doc. 1) at Exs. C and D2.  Defendants Board of Education of the Las Vegas City Schools ("LVCS"), Richard E. Romero, Michael C. Yara, and Ruben Esparza were each served on June 30, 2010.  Defendant Pete Campos was served July 1, 2010.  Defendants Juan Uranga and Raymond E. Woods were served July 2, 2010.  *Notice of Removal* (Doc. 1) at Exs. C and D.  Defendants Adam Alvarez and Ikaika Neizman were served on July 14 and 15, respectively.  *Summonses* (Docs. 26 & 28).  The "School Defendants," i.e., Defendants LVCS, Romero, Yara, Woods, Seth Morris[1], Gogue, Uranga, Esparza, Campos, Alvarez, and Neizman, removed the case to this Court on July 28, 2010.  After the case was removed, Plaintiffs served Defendants Jerek and John Padilla on August 6, 2010.  *Summonses* (Docs. 27 & 29).

Plaintiffs seek to remand the case on the grounds that Defendants Jerek and John Padilla ("Padilla Defendants") did not consent to removal.  *Motion* (Doc. 42) at 3.  Defendants argue that the rule of unanimity does not apply to defendants who were not served as of the time of removal.  *School Defs' Joint Response in Opposition to Pls' Motion to Remand* (Doc. 65) at 3.

---

[1]Defendant Seth Morris' attorney accepted service on behalf of his client on August 23, 2010.  *Motion* at 3, n.1.

Even if Defendants' argument is correct, Plaintiffs argue that remand is nonetheless required because the Padilla Defendants did not file any formal consent to removal within the 30-day period from the date they were served.  *Reply* (Doc. 85) at 2-3.

## II.     LEGAL STANDARD

Within 30 days after service of a complaint asserting a federal question, "[a] defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure...."  28 U.S.C. § 1446(a) and (b).

> This does not mean that each defendant must sign the original petition for removal, but **there must be some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.** Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant.

*Getty Oil Corp., Inc. v. Ins. Co. of North America*, 841 F.2d 1254, 1262, n.11 (5th Cir. 1988) (emphasis added).  This "rule of unanimity" generally requires all defendants to join in the notice of removal or otherwise consent to removal within the thirty-day period set forth in 28 U.S.C. § 1446(b).  *Id.* at 1262-63.

## III.    DISCUSSION

This Court has previously recognized three exceptions to the general rule stated above, including cases in which a defendant was not yet served with process at the time the removal petition was filed.  *Padilla v. Davis Selected Advisors, L.P., et al.*, No. CIV-98-0186 JEC/LFG, slip op. at 2, n.2 (D.N.M. May 8, 1998) (citing *Moody v. Commercial Ins. Co. of Newark, New Jersey*, 753 F. Supp. 198, 200 (N.D.Tex. 1990).  The present case does not persuade the Court to reconsider its previous opinion.  The Padilla Defendants were not part of this case when it was

removed; therefore, their consent to removal was not required.  Since no consent was required

prior to removal, any consent given after removal would be meaningless.  Accordingly,

Plaintiffs' argument that the Padilla Defendants' consent should be required after removal is not

well-taken.

## IV.    CONCLUSION

Finding that the Padilla Defendants, who were served over a week after the School

Defendants removed this case to this Court, need not consent to removal, the Court hereby

DENIES *Plaintiffs' Motion to Remand*, filed August 27, 2010 (Doc. 42).

DATED:        October 14, 2010

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Carolyn M. Nichols, Esq.
Robert Ortiz, Esq.
Albuquerque, NM

Robert R. Rothstein, Esq.
Brendan K. Egan, Esq.
Santa Fe, NM

Counsel for Defendants LVCS, Romero, and Yara:
Jerry A. Walz, Esq.
Albuquerque, NM

Counsel for Defendants Woods, Morris, Gogue, Uranga & Esparza:
Henry F. Narvaez, Esq.
Martin R. Esquivel, Esq.
Denise M. Chanez, Esq.
Albuquerque, NM

Counsel for Defendant Campos:
John S. Stiff, Esq.
Ann Louise Keith, Esq.
Albuquerque, NM

Counsel for Defendants Alvarez and Neizman:
Gerald Coppler, Esq.
Santa Fe, NM