IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A.LA., a minor, by and through
his parents and next friends
F.E.A. and F.B.A., et al.,

        Plaintiffs,

vs.                                      CIVIL NO. 10-709 JC/LFG

THE BOARD OF EDUCATION
OF THE LAS VEGAS CITY
SCHOOLS et al.,

        Defendants.

## DISCOVERY/SCHEDULING ORDER
## AND STAY OF DISCOVERY[1]

THIS MATTER came before the Court on a Fed. R. Civ. P. 16 scheduling conference conducted on November 29, 2010.

### I.
### Discovery Order

A. *General Depositions*

Given the number of individual parties, the Court finds cause to exceed the numerical limitation on depositions. Plaintiffs, as a group, are authorized to take 30 general (*i.e.*, non-expert) depositions. Plaintiffs should attempt to agree on the use of the 30 general depositions allocated to them as a group.

Defendants, as a group, are also authorized to take 30 general (*i.e.*, non-expert) depositions. Defendants should attempt to agree on the use of the 30 general depositions allocated to them as a group.

---

[1] The stay of discovery does not apply to mandatory Rule 26 disclosures which are due no later than January 7th, 2011. Parties will copy and provide each other with the documents they will rely on in the prosecution of claims or defenses.

Some of the Defendants (hereinafter referred to as "Cross Plaintiffs") have brought cross claims against other Defendants (hereinafter referred to "Cross Defendants"), and the interests of these two groups differ as to each other.[2] Therefore, Cross Plaintiffs, as a group, are afforded 5 additional general depositions; and Cross Defendants, as a group, are also afforded 5 additional general depositions. These additional depositions are intended to address issues related to the cross claims.

Once the maximum number of depositions have been noticed or taken, a party may show cause why additional discovery should be allowed.

B.  *Expert Depositions*

In addition to the numeric limitations described above with respect to general depositions, Plaintiffs, as a group, are authorized to take one additional deposition for each expert witness identified by any Defendant within the expert disclosure deadline.

Similarly, Defendants, as a group, are authorized one additional deposition for each expert witness identified by any Plaintiff within the expert disclosure deadline.

These expert deposition allocations will not be counted against the 30-deposition limit for

---

[2]The group "Cross Plaintiffs" includes the following members: Michael Gallegos Jr., Michael Gallegos Sr., Sandra Gallegos, Lucas Martinez, James Martinez, Marcella Martinez, Marcus Gutierrez, Adrian Gutierrez, Debbie Gutierrez, Steven Garcia, Elizabeth Garcia, Santiago Armijo, Paul Armijo, and Ella Arrellano.

The group "Cross Defendants" includes the following members: Board of Education of Las Vegas City Schools, Richard E. Romero, Pete Campos, Michael C. Yara, Raymond E. Woods, Seth Morris, Pete Keoni Kinney Gogue, Juan Uranga, Adam Alvarez, Ikaika Neizman, and Ruben Esparza.

The group "Defendants" includes all Cross Plaintiffs and all Cross Defendants, as well as any persons not in either group who are named as Defendants in Plaintiffs' Complaint.

general depositions. These extra depositions may not be used for general discovery, but only for expert discovery.

### C. *Written Discovery*

In accord with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, and in consideration of the significant discovery burdens and expenses that would otherwise befall the parties should the maximum number of interrogatories provided by the rules be authorized, the court now limits written discovery as follows:

Each Plaintiff may serve a total of 10 interrogatories, 10 requests for production, and 10 requests for admission on each Defendant.

Each Defendant may serve a total of 10 interrogatories, 10 requests for production, and 10 requests for admission on each Plaintiff.

Each Cross Plaintiff may serve a total of 10 interrogatories, 10 requests for production, and 10 requests for admission on each Cross Defendant. It is expected that these discovery requests will be limited to issues arising as between Cross Plaintiffs and Cross Defendants.

Each Cross Defendant may serve a total of 10 interrogatories, 10 requests for production, and 10 requests for admission on each Cross Plaintiff. It is expected that these discovery requests will be limited to issues arising as between Cross Plaintiffs and Cross Defendants.

The Court is imposing a stay of discovery at this time, as discussed below. The parties are notified, however, that the above-described numerical limits will be imposed once the stay is lifted.

## II.
## Stay of Discovery

Some Defendants have filed or will file motions to dismiss based on qualified immunity. *See e.g.*, Doc. 100. Together with the Motion to Dismiss, Defendant Pete Campos seeks a stay of discovery [Doc. 101]. The Court's discretion in this area is significantly limited. As qualified

immunity not only insulates from liability those governmental officials performing discretionary functions, it also insulates them from the burdens of trial, including discovery. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

The United States Supreme Court in Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1953-54 (2009), also makes clear that when a motion to dismiss based on qualified immunity is asserted, all discovery is to be stayed, not just the discovery relating to those defendants entitled to assert qualified immunity. Accordingly, under our Tenth Circuit precedent of Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004), and Ashcroft v. Iqbal, all discovery is stayed pending the Court's consideration and disposition of Campos' motion to dismiss based on qualified immunity.

The Court also directs that any other motion to dismiss based on qualified immunity be promptly filed to avoid piecemeal stays of discovery. Qualified immunity motions should be filed no later than January 31, 2011.

Once the Court considers, determines and rules on qualified immunity motions, the Court will assign this case to a "standard" case management track with a 180-day discovery schedule. A supplementary scheduling order will issue setting out appropriate case management deadlines.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge