IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A.L.A., a minor, by and through his
parents and next friends, F.E.A., and
F.B.A.; L.P.A., a minor, by and through
his parents and next friends, P.E.A. and
J.M.A.; E.G.B., a minor, by and through
his parents and next friends, E.G.B.2, and
G.M.B.; M.T.L., a minor, by and through
his parents and next friends, J.L.L. and
D.D.L.; J.R.M., a minor, by and through
his parents and next friends, P.J.M. and
A.G.M.; G.V.M. a minor, by and through
his parents and next friends, T.J.M. and
V.S.M.; and I.J.S.C., a minor, by and
through his mother and next friend, D.D.G.,

  Plaintiffs,

v.                  Case No. 10-CV-709 JEC/LFG

THE BOARD OF EDUCATION OF THE
LAS VEGAS CITY SCHOOLS; RICHARD
E. ROMERO; PETE CAMPOS; MICHAEL
C. YARA; RAYMOND E. WOODS; SETH
MORRIS; PETE KEONI KINNEY GOGUE;
JUAN URANGA; ADAM ALVAREZ; IKAIKA
NEIZMAN; RUBEN ESPARZA; MICHAEL
GALLEGOS, JR.; MICHAEL GALLEGOS, SR;
SANDRA GALLEGOS; LUCAS MARTINEZ;
JAMES MARTINEZ; MARCELLA MARTINEZ;
MARCUS GUTIERREZ; ADRIAN GUTIERREZ;
DEBBIE GUTIERREZ; STEVEN GARCIA;
ELIZABETH GARCIA; SANTIAGO ARMIJO;
PAUL ARMIJO; ELLA ARRELLANO; JEREK
PADILLA; JOHN PADILLA; JANE ROE PADILLA;
MEL ROOT and MARY ROOT d/b/a WESTERN
LIFE CAMP,

  Defendants.

**MEMORANDUM OPINION AND ORDER**

  THIS MATTER comes before the Court on *Defendants Paul Armijo and Ella Arrellano's*

*Rule 12(c) Motion for Judgment on the Pleadings*, filed August 6, 2010 (Doc. 18) ("Motion"). Having reviewed the parties' submissions and the relevant law, the Court will DENY the motion for the reasons set forth below.

## I. BACKGROUND

This lawsuit arises from an alleged hazing incident at an out-of-town summer camp for Robertson High School football players in August 2008. *Notice of Removal* at Ex. A, ¶¶ 56-58. Plaintiffs contend that Michael Gallegos, Jr., Lucas Martinez, Marcus Gutierrez, Steven Garcia, Santiago Armijo, and Jerek Padilla—all members of the Robertson High School football team who attended the out-of-town summer camp—sodomized or attempted to sodomize other, younger members of the football team who also attended the camp using the handle of a broomstick. *Id.* at ¶¶ 79-101. Allegedly, Gallegos, Jr., Martinez, Gutierrez, Garcia, Armijo, and Padilla were minors at the time of the alleged hazing, living at home with their parents. Each of their parents are also named as defendants and alleged to be vicariously liable for the actions of their children. *Id.* at ¶¶ 22, 24, 26, 28, 30, and 32.

Defendants Paul Armijo and Ella Arrellano seek dismissal of the claims against them because they "did not observe any of the training camp activities and as such were not in any position to evaluate the competence of the new coaches or their level of supervision." *Motion* at ¶ 6. Plaintiffs note that the alleged liability of the parents is based on a New Mexico statute, which provides that

> "[a]ny person may recover damages not to exceed four thousand dollars ($4,000) in a civil action in a court or tribunal of competent jurisdiction from the parent or guardian having custody and control of a child when the child has maliciously or willfully injured a person or damaged, destroyed or deprived use of property, real or personal, belonging to the person bringing the action."

NMSA 1978, § 32A-2-27(A). *See generally Pls.' Response in Opp. To Defs. Paul Armijo and Ella Arrellano's Motions to Dismiss* (Doc. 32), filed August 12, 2010 ("Resp."). Defendants Paul Armijo and Ella Arrellano contest Plaintiffs' position that parents need not have actual custody or control of their children in order to be held liable pursuant to NMSA 1978, § 32A-2-27(A). *Reply to Response to Defs. Paul Armijo and Ella Arrellano's Rule 12(c) Motion for Judgment on the Pleadings* (Doc. 36), filed August 18, 2010 ("Reply") at ¶¶ 9-11. They claim that in this case, where there is no evidence of their child's propensity for juvenile delinquency, the statute should not be read to permit them to be held liable for the actions of their child. *Id.*

## II.   LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is reviewed according to the same legal standard applicable to a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223 (10th Cir. 2009). Thus, the Court must determine whether the complaint "include[s] 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)).

When matters outside the pleadings are presented to the Court considering a Rule 12(c) motion such as the motion at bar, "the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

## III.   DISCUSSION

The legislative history behind the statute at issue, through the 1981 amendment, was

chronicled in *Alber v. Nolle*, 98 N.M. 100, 645 P.2d 456 (Ct. App. 1982). Originally, the statute required the minor to have been living with his or her parents in order to impose parental liability. *Id.* at 103, 645 P.2d at 459. In 1965, the New Mexico legislature "dropped the 'living with' requirement and substituted a requirement that the parents have custody and control of the minor." *Id.* This requirement was then omitted in 1972 but restored in 1981. *Id.*

Prior to the 1981 restoration of the custody and control requirement, the New Mexico Court of Appeals found the statute constitutional and enforceable when applied to establish liability on the parts of parents of an unemancipated 17-year-old girl who willfully battered another person. *See generally Alber*, 98 N.M. 100, 645 P.2d 456. The fact that the daughter was not living with her parents at the time did nothing to relieve liability on the parents' part. *Id.* The Court first noted that the applicable statute, the 1979 version, "did not require the parents to have custody and control of the child in order to be held liable." *Id.* at 103, 645 P.2d at 459. Even though the child at issue in *Alber* was a habitual runaway, living not with her parents but with her boyfriend at the time of the attack, and despite her parents' representations that after considerable efforts to deal with their daughter, they simply could not control her, the statute was found both applicable and constitutional. *Id.*

The statute applicable to the present case plainly requires that parents against whom liability is alleged have "custody and control of a child when the child has maliciously or willfully injured a person or damaged, destroyed or deprived use of property, real or personal, belonging to the person bringing the action." NMSA 1978, § 32A-2-27(A). Defendants Paul Armijo and Ella Arrellano contend that judgment on the pleadings is appropriate because the allegations of the Complaint establish a lack of custody and control. *Reply* at ¶¶ 2-7. Specifically, the Complaint alleges that "[d]uring the time that the camp took place, Plaintiffs

were isolated from their families and their communities. The coaches served *in loco parentis*..." *Notice of Removal* at Ex. A, ¶ 66.  It further states that "Parents were discouraged from visiting their sons at the camp.  The athletes were not allowed to bring cell phones or other communication devices.  Even parents who were volunteering to cook were discouraged from communicating with or having contact with their sons." *Id.* at ¶ 63.

Defendants Paul Armijo and Ella Arrellano claim they "were not assigned any tasks such as cooking at the camp and, as pointed out in the Complaint, were not allowed [to] communicate or have contact with their son." *Reply* at ¶ 6.  Plaintiffs argue that Defendants' allegations require further factual inquiry.  *Pls.' Surreply in Opp. to Defs. Paul Armijo's and Ella Arrellano's' Rule 12(c) Motion for Judgment on the Pleadings* (Doc. 113), filed Jan. 11, 2011 ("Surreply") at ¶¶ 5-9.  The Court is inclined to agree with Plaintiffs in this regard.  Even if the Court were to convert the pending Motion into one for summary judgment, as it appears it must, there are insufficient facts upon which to rule regarding Defendants' custody and control over their son at the time in question.

WHEREFORE, IT IS ORDERED that *Defendants Paul Armijo and Ella Arrellano's Rule 12(c) Motion for Judgment on the Pleadings*, filed August 6, 2010 (Doc. 18), is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Carolyn M. Nichols, Esq.
Robert Ortiz, Esq.
Albuquerque, NM

Robert R. Rothstein, Esq.
Brendan K. Egan, Esq.
Santa Fe, NM

5

Counsel for Defendants LVCS, Romero, and Yara:
Jerry A. Walz, Esq.
Albuquerque, NM

Counsel for Defendants Woods, Morris, Gogue, Uranga & Esparza:
Henry F. Narvaez, Esq.
Martin R. Esquivel, Esq.
Denise M. Chanez, Esq.
Albuquerque, NM

Counsel for Defendant Campos:
John S. Stiff, Esq.
Ann Louise Keith, Esq.
Albuquerque, NM

Counsel for Defendants Alvarez and Neizman:
Gerald Coppler, Esq.
Santa Fe, NM