IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

A.L.A., a minor, by and through his
parents and next friends, F.E.A., and
F.B.A.; et al.

      Plaintiffs,

v.                                                Case No. 10-CV-709 JEC/LFG

THE BOARD OF EDUCATION OF THE
LAS VEGAS CITY SCHOOLS; et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendants Mel Root and Mary Kay Root's Motion to Strike Exhibits Attached to Plaintiffs' Response to Motion to Dismiss and New Allegations Made in Plaintiffs' Response*, filed October 27, 2010 (Doc. 95) ("Motion"). The Court finds the motion to be well taken in part and it will be granted in part.

**I.   BACKGROUND**

This lawsuit arises from alleged hazing incidents at an out-of-town summer camp for Robertson High School football players in August 2008. *Notice of Removal* at Ex. A, ¶¶ 56-58. Plaintiffs are high school students and their parents who allege torts and civil rights violations as a result of the alleged hazing. *See generally id.* Claims are made against other high school students who attended the camp and their parents as well as coaches, administrators and the Las Vegas City Schools (LVCS). *Id.* Defendants Mel Root and Mary Kay Root are alleged to be "owners and managers of the Western Life Camp ("WLC") located in Gallinas Canyon approximately 25 miles east of Las Vegas, New Mexico," where the Robertson High School football summer camp was held. *Id.* at ¶ 35. Plaintiffs claim that "[t]he Roots were responsible

for allowing LVCS to use the Western Life Camp for the Robertson High School football camp." *Id.*

The Roots filed a Motion to Dismiss the claims against them, arguing that Plaintiffs failed to state a cognizable claim against them because, as landlords of the WLC, they owed no duty to protect Plaintiffs from harm under the circumstances alleged. *See Memo. in Supp. of Defendants' Mel Root and Mary Kay Root's Motion to Dismiss* (Doc. 41) at 1. Attached to Plaintiffs' Response to The Roots' Motion to Dismiss are three exhibits: (1) "an executive summary of a report on hazing prepared by Alfred University"; (2) "a summary of the findings of the National Study on Student Hazing by Dr. Mary Madlin of the University of Maine"; and (3) an article from the American Journal of Emergency Medicine "discussing the 'particularly troublesome and dangerous practices of sexual assaults, including being sodomized with an object.'" *Pls' Response in Opp. To Defs' Mel and Mary Kay Root's Motion to Dismiss and Memo.* (Doc. 86) ("Resp.") at 18. The Roots seek to strike these exhibits on the grounds that they should not be considered in the Court's ruling on the pending Motion to Dismiss.

Further, the Roots contend that "completely new and inflammatory allegations made against Defendant Mel Root" should be stricken from Plaintiffs' Response. Specifically, the Roots point to Plaintiffs' statement that "[a]s is alleged in the Complaint, Mel Root was present at the RHS camp and participated in camp activity, including hazing events." *Resp.* at 5-6.

## II.   LEGAL STANDARD

On a Rule 12(b)(6) motion, Courts are not to consider matters outside of the pleadings. Fed.R.Civ.P. 12(d) (providing that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"). "The failure to convert a 12(b)(6) motion to one

for summary judgment where a court does not exclude outside materials is reversible error unless the dismissal can be justified without considering the outside materials." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215-16 (10th Cir. 2007) (*quoting GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir.1997) (emphasis added)).

### III.  DISCUSSION

The arguments regarding Plaintiffs' exhibits are well-taken.  A motion to dismiss tests the legal sufficiency of the Complaint; therefore, Plaintiffs' exhibits, having gone unmentioned in the Complaint, are not the sort of documents to be considered in the context of a motion pursuant to Rule 12(b)(6).  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). The Court has not reviewed the contents of Plaintiffs' exhibits and will not consider these materials in ruling on the Root Defendants' pending Motion to Dismiss (Doc. 40).  Moreover, the Court will refrain from considering any references to these materials in Plaintiffs' Response.

The Court will not strike Plaintiffs' allegedly new allegations concerning Mel Root from its Response.  However, to the extent that such allegations—including facts sufficient to render the allegations plausible—are not contained in the Complaint, they will not be considered in ruling on the Roots' Motion to Dismiss.

WHEREFORE, IT IS ORDERED that *Defendants Mel Root and Mary Kay Root's Motion to Strike Exhibits Attached to Plaintiffs' Response to Motion to Dismiss and New Allegations Made in Plaintiffs' Response*, filed October 27, 2010 (Doc. 95) is granted in part. Exhibits 1-3 to *Plaintiffs' Response in Opposition to Defendants' Mel and Mary Kay Root's Motion to Dismiss and Memo.* (Doc. 86) are hereby stricken.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Carolyn M. Nichols, Esq.
Robert Ortiz, Esq.
Albuquerque, NM

Robert R. Rothstein, Esq.
Brendan K. Egan, Esq.
Santa Fe, NM

Counsel for Defendants LVCS, Romero, and Yara:
Jerry A. Walz, Esq.
Albuquerque, NM

Counsel for Defendants Woods, Morris, Gogue, Uranga & Esparza:
Henry F. Narvaez, Esq.
Martin R. Esquivel, Esq.
Denise M. Chanez, Esq.
Albuquerque, NM

Counsel for Defendant Campos:
John S. Stiff, Esq.
Ann Louise Keith, Esq.
Albuquerque, NM

Counsel for Defendants Alvarez and Neizman:
Gerald Coppler, Esq.
Santa Fe, NM